UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BARBARA A. GORNY,

                              Plaintiff,

                                                          Case # 18-CV-06-FPG

v.

                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

Plaintiff Barbara A. Gorny brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 8. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On April 17, 2014, Gorny applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[1] 175-88. She alleged disability since November 20, 2012 due to back and left knee pain, a bilateral foot condition, and depression. Tr. 206. On November 22, 2016, Gorny appeared and testified at a hearing before Administrative Law Judge Eric L. Glazer ("the ALJ").

---

[1] "Tr." refers to the administrative record in this matter.

Tr. 61-84. After the hearing, the ALJ submitted vocational interrogatories to a vocational expert ("VE") and the VE provided responses. Tr. 245-49, 253-57. On May 24, 2017, the ALJ issued a decision finding that Gorny was not disabled within the meaning of the Act. Tr. 25-41. On November 2, 2017, the Appeals Council denied Gorny's request for review. Tr. 3-8. Thereafter, Gorny commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I.  The ALJ's Decision

The ALJ's decision analyzed Gorny's claim for benefits under the process described above. At step one, the ALJ found that Gorny had not engaged in substantial gainful activity since the alleged onset date.  Tr. 27-28.  At step two, the ALJ found that Gorny has depression and joint pain, which constitute severe impairments.  Tr. 28-29.  At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 29-31.

Next, the ALJ determined that Gorny retains the RFC to perform medium work[2] with additional limitations.  Tr. 31-38.  Specifically, the ALJ found that Gorny can lift, carry, push, and pull 50 pounds occasionally and 25 pounds frequently; can sit, stand, and walk for six hours in an eight-hour workday; can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds; can occasionally but not repetitively stoop, kneel, crouch, and crawl; and cannot work at unprotected heights or in humidity, wetness, or extreme cold or heat.  Tr. 31.  The ALJ also found that Gorny can perform simple, routine, and repetitive tasks, but not at a production rate pace; can make simple work-related decisions; can respond appropriately to supervisors and coworkers, but can tolerate only incidental interaction with coworkers and the public as necessary to perform assigned work; and needs a two-minute break at her workstation each hour, in addition to normal breaks, to use stress management techniques.  *Id.*

At step four, the ALJ relied on the VE's interrogatory responses and found that this RFC prevents Gorny from performing her past relevant work as an administrative assistant and personal

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, [the SSA] determine[s] that he or she can also do sedentary and light work."  20 C.F.R. §§ 404.1567(c), 416.967(c).

care aide. Tr. 38. At step five, the ALJ relied on the VE's responses and found that Gorny can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 38-40. Specifically, the VE found that Gorny could work as a warehouse worker, packaging machine operator, and laundry worker. Tr. 39. Accordingly, the ALJ concluded that Gorny was not "disabled" under the Act. Tr. 40-41.

## II.    Analysis

Gorny argues that remand is required because the ALJ's physical RFC determination is not supported by substantial evidence.[3] ECF No. 6-1 at 12-14. Specifically, Gorny asserts that the ALJ should have performed a function-by-function assessment to explain his highly specific RFC findings. *Id.* The Court agrees.

A claimant's RFC reflects what he or she "can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). The ALJ assesses RFC "based on all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Court upholds an RFC finding "when there is substantial evidence in the record to support each requirement listed in the regulations." *Desmond*, 2012 WL 6648625, at *5 (citation omitted).

"The Act's regulations require that the ALJ include in his RFC assessment a function-by-function analysis of the claimant's functional limitations or restrictions and an assessment of the claimant's work-related abilities on a function-by-function basis." *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *10 (W.D.N.Y. May 14, 2014) (quotation marks and citation omitted). This means that the ALJ "must make a function-by-function assessment of the

---

[3] Gorny advances another argument that she believes requires reversal of the Commissioner's decision. ECF No. 6-1 at 14-15; ECF No. 9. The Court will not reach that argument because it disposes of this matter based on the ALJ's improper RFC assessment.

claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch." *Id.* (citations omitted); *see also Cole v. Colvin*, No. 6:14-cv-6677(MAT), 2015 WL 9463200, at *5 (W.D.N.Y. Dec. 28, 2015) ("It is well-settled that the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).") (internal quotation marks, alterations, and citations omitted); 20 C.F.R. §§ 404.1569a(a), 416.969a(a); S.S.R. 96-8p, 1996 WL 374184, at *5-6 (S.S.A. July 2, 1996).

Remand is not required simply because the ALJ failed to conduct an explicit function-by-function analysis. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ's RFC determination may still be upheld when his analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *Id.* But "[r]emand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 177-78 (citation omitted).

Here, the ALJ determined that Gorny retained the RFC to perform medium work with additional limitations. Tr. 31-38. The record contained two opinions as to Gorny's physical ability to work—one from treating physician Dr. Suchitra Koneru and one from consultative examiner Dr. Donna Miller. Tr. 265-70, 282-85.

Dr. Koneru opined that Gorny can lift and carry only 10 to 20 pounds for a few minutes, can stand and walk less than two hours total in an eight-hour work day, has an unlimited ability to sit, has limitations in her ability to push and pull, and requires special glasses for computer work. Tr. 268. The ALJ afforded only "little weight" to Dr. Koneru's opinion. Tr. 37. The ALJ acknowledged Dr. Koneru's treating relationship with Gorny but found his opinion "inconsistent

with his own treatment notes, which document normal findings on musculoskeletal examination."[4] *Id.* The ALJ concluded that Gorny "retains a much greater physical capacity" than Dr. Koneru said she did. *Id.*

Dr. Miller opined that Gorny has mild limitations with repetitive kneeling and squatting and should avoid temperature extremes. Tr. 285. The ALJ afforded "substantial weight" to this opinion because Dr. Miller is familiar with the SSA's rules and regulations and based her opinion on "essentially normal" physical examination findings, and because he found the opinion consistent with the record as a whole. Tr. 37. The ALJ stated that Dr. Miller's opinion "thus warrants significant weight in support of the conclusion that [Gorny] retains the ability to perform medium exertional work."[5] *Id.*

The ALJ's RFC determination adopts Dr. Miller's opinion that Gorny must avoid repetitive kneeling and temperature extremes. Tr. 31. Beyond these findings, it is entirely unclear how the ALJ determined that Gorny can lift, carry, push, and pull 50 pounds occasionally and 25 pounds frequently; can sit, stand, and walk for six hours in an eight-hour workday; can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds; can occasionally but not repetitively stoop, crouch, and crawl; and cannot work at unprotected heights or in humidity or

---

[4] It is unclear how normal musculoskeletal findings contradict Dr. Koneru's opinion that Gorny can lift and carry only 10 to 20 pounds for a few minutes, can stand and walk less than two hours total in an eight-hour work day, has an unlimited ability to sit, has limitations in her ability to push and pull, and requires special glasses for computer work.

The Court reminds the ALJ on remand that, although he is entitled to discount a treating physician's opinion that he finds unsupported by the doctor's treatment notes (20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3)), his own interpretation of raw medical data does not justify rejecting a treating physician's opinion. *See Morris v. Colvin*, No. 15-CV-5600 (JFB), 2016 WL 7235710, at *9 (E.D.N.Y. Dec. 14, 2016) ("[T]he ALJ's reliance on [the treating physician]'s medical notes indicating that plaintiff had a normal gait and normal motor and sensory exams does not justify his rejection of the treating physicians' opinions."). When an ALJ analyzes a treating physician's report, he "cannot arbitrarily substitute his own judgment for competent medical opinion." *Rosa*, 168 F.3d at 79 (citations omitted).

[5] This conclusion is troubling because Dr. Miller does not opine as to Gorny's ability to lift, carry, stand, walk, sit, and use her arms and hands, which are necessary activities for medium work. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c); S.S.R. 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983).

wetness. Somehow, the ALJ—who is not a medical professional—arrived at these very specific RFC determinations without supporting medical opinions. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the [SSA], must be careful not to succumb to the temptation to play doctor.").

The ALJ's decision also did not connect the record evidence and RFC findings. Although the ALJ summarized the record and analyzed the consistency of Gorny's allegations with her treatment history, daily activities, and employment record, he did not explain how the record evidence supported his RFC findings, which was improper. *See Cestare v. Colvin*, No. 15-CV-6045P, 2016 WL 836082, at *4 (W.D.N.Y. Mar. 4, 2016) ("Although the ALJ thoroughly summarized the record and identified some apparent inconsistencies in [the plaintiff]'s statements, she did not adequately explain how the evidence of record supported her RFC findings. Under these circumstances, remand is appropriate."); *Cole*, 2015 WL 9463200, at *5 ("[A]fter setting forth Plaintiff's RFC, the ALJ merely summarized some of the medical evidence in the record but did not discuss how the evidence to which she referred supported her conclusion that Plaintiff can perform a range of medium exertional work. Remand accordingly is required.")

Without reliance on supporting medical opinions or a function-by-function assessment relating the record evidence to the physical demands of medium work, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. Accordingly, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence and that remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this

opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124

(2d Cir. 2000).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 29, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court